104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Ernesto ROSA, Defendant-Appellant.
 No. 96-1268.
 United States Court of Appeals, Second Circuit.
 Nov. 25, 1996.
 
 APPEARING FOR APPELLANT: Lee Ginsberg, Freeman, Nooter & Ginsberg, New York, N.Y.
 APPEARING FOR APPELLEE: Michael A. Rogoff, Asst. U.S. Atty., New York, N.Y.
 Before NEWMAN, Chief Judge, and CARDAMONE and ALTIMARI, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was taken on submission.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Ernesto Rosa appeals from the District Court's April 16, 1996, judgment of conviction following a guilty plea. Rosa's sole contention on appeal is that the District Judge erred in refusing to grant a downward departure on the ground of Rosa's diminished mental capacity and disadvantaged upbringing.
 
 
 4
 Rosa and sixteen others were charged in September 1994 in an eighty-six count indictment with numerous offenses arising from their participation in a criminal gang. In August 1995, Rosa pled guilty to a two-count superseding information charging him with one count of conspiracy to murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(5), and one count of conspiracy to assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(6). These charges carried a combined statutory maximum sentence of thirteen years' imprisonment, in contrast to the sentence of 360 months to life imprisonment required by the Sentencing Guidelines for the same offenses. Under U.S.S.G. § 5G1.1(a), where the statutorily authorized maximum is less than the minimum applicable guideline range, the statutory maximum--here, thirteen years--is the appropriate sentence. The parties therefore stipulated in the plea agreement that the applicable sentence was thirteen years' imprisonment. They further stipulated that neither a downward nor upward departure was warranted, but provided that the defendant may move for a downward departure on the ground of mental capacity.
 
 
 5
 At the sentencing hearing, defense counsel urged the District Judge to depart downward because of Rosa's "childhood neglect and abuse" and diminished psychological capacity. The District Judge agreed with counsel that Rosa came from a "very unfortunate background" and is "of diminished mental capacity." He concluded, however, that because the criminal activities that defendant engaged in were "terribly harmful to the community at large"--and because the plea agreement of thirteen years' imprisonment was already the functional equivalent of a downward departure of seventeen years--it was inappropriate to grant a further departure. When the Government requested the Court to clarify whether it "realizes that it has the power to depart in these circumstances but chooses on these facts not to," the District Judge responded: "I have the power always to depart, I understand that. I'm choosing not to."
 
 
 6
 Rosa's appellate brief explicitly concedes that the District Judge recognized that he had the authority to depart downward and chose not to do so. Rosa nonetheless asks us to review the propriety of the District Judge's discretionary decision. However, "[i]t is settled law in this circuit that a defendant generally may not appeal from a district court's decision not to depart downwardly from the applicable Guidelines range because the decision is 'discretionary' and because 'Congress did not intend to provide appellate review of sentences that are within the Guidelines correctly applied and are not illegal.' " United States v. Sharpsteen, 913 F.2d 59, 62 (2d Cir.1990) (citation omitted); see United States v. Martin, 78 F.3d 808, 815 (2d Cir.1996) (sentencing court's refusal to depart downward is unreviewable where it explicitly stated that its decision was discretionary). Because the District Court recognized its authority to depart downward and did not base its refusal to do so on impermis sible considerations, its decision is not reviewable by this Court. Moreover, Rosa's claim that the District Judge failed to "take into account" his "psychological characteristics" and "unfortunate and difficult upbringing" at sentencing is flatly contradicted by the record. Since no other issue is raised, we affirm the judgment of conviction.